IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN CHICHESTER, ABBY JUSTINGER, DAVID MAHONEY, and AMANDA SCHMITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHIPBOB, INC.,<br><br>Defendant. | Civil Action No. 21-cv-6016 |

## COLLECTIVE ACTION COMPLAINT

Christian Chichester, Abby Justinger, David Mahoney, and Amanda Schmitz ("Plaintiffs") file this Collective Action Complaint ("Complaint") against ShipBob, Inc. ("Defendant"):

### Nature of this Lawsuit

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated workers who worked as Business Development Representatives; Business Development Representatives/Sales Ops; Business Development Team Leads; Enterprise Business Development Representatives; Inbound BDR Team Leads; Inbound Business Development Representatives; Mid Market Business Development Representatives; Outbound Business Development Representatives; Partner Development Specialists; Sales Enablement Associates; Sales Enablement Managers; Senior Business Development Representatives; Senior Business Development, Team Leads; Senior Outbound BDRs; Senior Team Leads Inbound; and Team Lead Outbound BDRs during the period beginning May 15, 2018 through August 15, 2021 (collectively, "BDRs") for Defendant ShipBob, Inc. ("ShipBob" or "Defendant"), pursuant to the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. ShipBob employs BDRs to sell its logistics services. Until approximately January 1, 2021, ShipBob classified its BDRs as exempt from overtime and did not pay them overtime premiums for hours worked over 40 in a workweek.

3. After approximately January 1, 2021, ShipBob reclassified its BDRs as non-exempt, but ShipBob did not include nondiscretionary bonuses and commissions into the overtime premiums that it paid to non-exempt classified BDRs.

4. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former BDRs who worked for ShipBob and who elect to opt in to this action pursuant to the FLSA and, specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid overtime wages.

5. Plaintiffs also bring this action on behalf of themselves pursuant to Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL"), for unpaid overtime wages.

## The Parties

*Plaintiffs*

### Christian Chichester

6. Chichester is a resident of Chicago, Illinois.

7. Chichester was employed by ShipBob in Chicago, Illinois from approximately September 2018 to July 2019 as a Business Development Representative; from approximately July 2019 through September 2019 as a Senior Outbound BDR; from approximately October 2019 through February 2021 as a Sales Enablement Manager; and from approximately March 2021 through April 2021 as a Partner Development Specialist.

8. Pursuant to ShipBob's practice, until approximately January 1, 2021, ShipBob did not pay Chichester overtime wages for hours worked over 40 in a workweek even though Chichester regularly worked more than 40 hours in a workweek.

9. From approximately January 1, 2021 through April 2021, ShipBob did not include nondiscretionary bonuses and commissions into the overtime premiums it paid to Chichester.

10. At all relevant times, Chichester was a covered employee within the meaning of the FLSA and IMWL.

11. A written consent form for Chichester is attached as Exhibit A.

**Abby Justinger**

12. Justinger is a resident of Fort Lauderdale, Florida.

13. Justinger was employed by ShipBob in Chicago, Illinois from approximately May 2019 to April 2020 as a Business Development Representative.

14. Pursuant to ShipBob's practice, ShipBob did not pay Justinger overtime wages for hours worked over 40 in a workweek even though Justinger regularly worked more than 40 hours in a workweek.

15. At all relevant times, Justinger was a covered employee within the meaning of the FLSA and IMWL.

16. A written consent form for Justinger is attached as Exhibit A.

**David Mahoney**

17. Mahoney is a resident of Los Angeles, California.

18. Mahoney was employed by ShipBob in Chicago, Illinois from approximately February 2020 to April 2020 as a Business Development Representative.

19. Pursuant to ShipBob's practice, ShipBob did not pay Mahoney overtime wages for hours worked over 40 in a workweek even though Mahoney regularly worked more than 40 hours in a workweek.

20. At all relevant times, Mahoney was a covered employee within the meaning of the FLSA and IMWL.

21. A written consent form for Mahoney is attached as Exhibit A.

**Amanda Schmitz**

22. Schmitz is a resident of Oak Forest, Illinois.

23. Schmitz was employed by ShipBob in Chicago, Illinois from approximately December 2019 to April 2020 as a Business Development Representative.

24. Pursuant to ShipBob's practice, ShipBob did not pay Schmitz overtime wages for hours worked over 40 in a workweek even though Schmitz regularly worked more than 40 hours in a workweek.

25. At all relevant times, Schmitz was a covered employee within the meaning of the FLSA and IMWL.

26. A written consent form for Schmitz is attached as Exhibit A.

***Defendant ShipBob, Inc.***

27. ShipBob is a Chicago, Illinois based company that is incorporated in Delaware and provides logistics services.

28. Throughout the relevant period, ShipBob employed Plaintiffs and similarly situated employees within the meaning of the FLSA and the IMWL.

29. ShipBob is a covered employer within the meaning of the FLSA and the IMWL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

30. ShipBob applied the same employment policies, practices, and procedures to all BDRs.

31. Upon information and belief, at all times relevant, ShipBob's annual gross volume of sales made or business done was not less than $500,000.

## Jurisdiction and Venue

32. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claim arises under federal law. *See* 29 U.S.C. § 216(b).

33. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative fact.

34. The Court has personal jurisdiction over Defendant because it does business in Illinois in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and originated from this District.

35. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District.

## Collective Action Allegations

36. Plaintiffs bring the First Cause of Action on behalf of themselves and all BDRs who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

37. Consistent with Defendant's practice, from approximately May 15, 2018 through December 31, 2020, Plaintiffs and the members of the FLSA Collective were not paid overtime compensation for hours worked above 40 hours in a workweek.

38. Consistent with Defendant's practice, from approximately January 1, 2021 through August 15, 2021, after Defendant reclassified BDRs as non-exempt, Plaintiff Chichester


and the members of the FLSA Collective were not paid the correct overtime compensation for hours worked above 40 hours in a workweek, because Defendant did not include non-discretionary bonuses and commissions into the overtime premiums.

39. All of the work that Plaintiffs and the members of the FLSA Collective performed was assigned by Defendant, and/or Defendant was aware of the work that Plaintiffs and the FLSA Collective performed.

40. For a period of time, Defendant failed to pay BDRs, including Plaintiffs and the members of the FLSA Collective, overtime compensation for hours worked above 40 hours in a workweek and, after January 1, 2021, when it began paying them overtime wages, failing to pay the correct overtime premiums.

41. Defendant should have paid Plaintiffs and the members of the FLSA Collective overtime compensation, which also means including nondiscretionary bonuses and commission into the regular rate, for hours worked above 40 hours in a workweek.

42. For a period of time, Defendant's conduct was repeated and consistent.

43. Defendant is liable under the FLSA for, *inter alia*, failing to compensate Plaintiffs and the members of the FLSA Collective for overtime hours worked and, once it reclassified the BDR position, failing to pay the proper overtime premiums. Upon information and belief, the FLSA Collective consists of similarly situated individuals who have been underpaid by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

44. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

45. For a period of time, Defendant engaged in a practice of violating the FLSA, as described in this Collective Action Complaint.

46. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendant employed Plaintiffs and the FLSA Collective.

49. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, apply to Defendant.

50. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and 207(a).

52. Defendant has failed to pay Plaintiffs and the FLSA Collective the proper amount of overtime wages to which they are entitled under the FLSA.

53. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54. Plaintiffs and the FLSA Collective have suffered damages by being denied the proper amount of overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

55. As a result of Defendant's acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

<div style="text-align:center">

**SECOND CAUSE OF ACTION**
**IMWL – Overtime Wages**
**(Brought on behalf of Plaintiffs)**

</div>

56. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

57. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL. 820 ILCS 105/4a.

58. Plaintiffs were employed by Defendant as "employee(s)," as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3.

59. Defendant was Plaintiffs' "employer" as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3.

60. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

61. Defendants did not pay Plaintiffs one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

62. Defendant violated the IMWL by failing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

63. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover monthly statutory damages in the amount of 2%-5% per month of the amount of the under payments.

## Prayer for Relief

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations, and statutory penalties pursuant to 820 ILCS 105/12(a).

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Attorneys' fees and costs of the action;

E. A reasonable service award for the Named Plaintiffs to compensate them for the time spent attempting to recover wages for the FLSA Collective and for the risks they took in doing so; and

F. Such other injunctive and equitable relief as this Court shall deem just and proper.

## Jury Demand

Plaintiffs demand a trial by jury.

Dated: November 10, 2021                     Respectfully submitted,

                                             /s/Maureen A. Salas

                                             Maureen A. Salas
                                             msalas@flsalaw.com

Douglas M. Werman
dwerman@flsalaw.com
WERMAN SALAS P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

*Attorneys for Plaintiffs and others similarly situated*